UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIGGI ALEJANDRO GUARDERAS VASCONEZ<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | CAUSE NO. 3:26-CV-1136-CCB-SJF |

**ORDER TO SHOW CAUSE**

Immigration detainee Luiggi Alejandro Guarderas Vasconez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

According to the petition, Mr. Guarderas Vasconez is a citizen of Ecuador who has been living in the United States since 2024. He states that he was briefly detained at the border but then released on bond. In July 2026, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) in Chicago even though he complied with all the requirements of his bond. He is presently detained at Miami Correctional Facility pending the resolution of his removal proceedings. He asserts that the government has not given him an opportunity to be released on bond after his re-detention because it views him as ineligible for bond under 8 U.S.C. § 1225(b)(2). He seeks an order requiring that he be immediately released from custody or provided a prompt bond hearing.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Guarderas Vasconez alleges that his detention without an opportunity for bond is unlawful. The court has jurisdiction to consider that issue.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined in this court and in many other courts across the country. The Seventh Circuit recently joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission'" fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas v. Olson*, ___F.4th___, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.).

To the extent the respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Cirrus Rojas, Mejia Diaz*, *De Jesús Aguilar*, and *Singh*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing, and will likewise deem them addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

He asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of his claims.

Finally, he includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent

in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). Therefore, the court will dismiss the noncustodial respondents as improper under *Kholyavskiy*. Though recent experience in immigration habeas cases informs that federal counsel will represent the Warden and ensure compliance with orders, the dismissal will be without prejudice to allow for reinstatement should it become necessary to effectuate any relief ordered by the court.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** Samuel Olson, David Venturella, Markwayne Mullin, and Todd Blanche as respondents;

(2) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) on the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(3) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to the Indiana Department of Correction; the Warden of Miami Correctional Facility at Miami Correctional Facility; and the United States Attorney for the Northern District of Indiana;

(4) **ORDERS** the IDOC, the Warden, and the United States Attorney to acknowledge receipt of the petition to the clerk and **DIRECTS** the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) **ORDERS** the Warden to file an answer to the petition by **August 14, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a); and

(6) **GRANTS** the petitioner until **August 21, 2026**, to file a reply in support of his petition.

SO ORDERED on August 6, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT