UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIGGI ALEJANDRO GUARDERAS VASCONEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1136-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Luiggi Alejandro Guarderas Vasconez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Guarderas Vasconez is a citizen of Ecuador who arrived in the United States in 2024. (ECF 6 at 1, 8.) He was briefly detained at the border, served with a notice to appear in immigration court, and released on his own recognizance. (*Id.* at 1-8.) He was subsequently convicted of a criminal offense in New York. (*Id.* at 8.) In July 2026, his release was cancelled and he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents within the interior of the United States pursuant to an administrative warrant. (*Id.* at 4-6.) He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. (ECF 1 at 5.) He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates

applicable statutes and the Due Process Clause of the Fifth Amendment. (*Id.* at 15-20.) He seeks immediate release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 20-21.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden answered the petition (ECF 6), and Mr. Guarderas Vasconez filed a reply (ECF 7).

The Seventh Circuit recently held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas v.*

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

*Olson*, ___F.4th___, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Guarderas Vasconez's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized bond hearing. (ECF 6.) The Warden nevertheless argues that Mr. Guarderas Vasconez "still must move the immigration court for the hearing and exhaust his administrative remedies." (*Id.* at 2.) In reply, Mr. Guarderas Vasconez argues that he should be excused from exhausting. (ECF 7.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Guarderas Vasconez argues that exhaustion would be futile and should not be required. (ECF 7.) However, in light of *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden concedes that *Cirrus Rojas* entitles Mr. Guarderas Vasconez to an individualized bond determination, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). In fact, Mr. Guarderas Vasconez attaches documentation to his reply reflecting that while this case was being briefed, he filed a motion for a bond hearing in his immigration case. (ECF 7-1.) The bond motion was denied after a hearing on August 17, 2026, based on the immigration judge's determination that he poses a flight risk. (*Id.*) He argues that the immigration judge erred by improperly placing the burden on him and providing faulty reasons for his ruling. (ECF 7.)

These recent proceedings in his immigration case undercut his futility argument. He acknowledges that he was provided a merits determination on his request for bond by the immigration judge. Although he is dissatisfied with the result of the hearing, applicable regulations provide for an appeal of bond rulings to the Board of Immigration Appeals, but there is no indication he has availed himself of that remedy.[2] *See* 8 C.F.R.

---

[2] Notably, 8 U.S.C. § 1226(e) prevents the court from reviewing "operational decisions" by the Attorney General to deny bond in a particular case. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999); *see also Jennings*, 853 U.S. at 295 (recognizing discretionary nature of custody determinations under § 1226(a) and holding that "§ 1226(e) precludes an alien from challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release"). Certain types of legal challenges to a bond determination remain viable. *See Jennings*, 583 U.S. at 295; *Demore v. Kim*, 538 U.S. 510, 517 (2003). Unless and until Mr. Guarderas Vasconez exhausts his administrative remedies, it would be premature to consider whether his arguments about the immigration judge's bond ruling are permissible under § 1226(e).

§§ 236.1(d)(3), 1236.1(d)(3); *see also Singh v. English*, No. 3:25cv1046, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026) (Brisco, J.) ("[D]iscretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary."). Until he gives the administrative process a chance to run its course, it would be premature to conclude that his detention is unlawful. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (declining to excuse § 2241 habeas petitioner from exhausting and observing that he "may well be correct that the [agency's] hands are tied, but he also may be mistaken. Until he asks, we cannot know whether [the agency] may yet be able to grant some relief.").

He also argues that exhaustion would be futile because the agency has no ability to resolve his Due Process claim, but this does not excuse him from exhausting. A petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [Board of Immigration Appeals] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). A favorable ruling in the administrative proceedings could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson*, ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or

outright release as a gloss from constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings").

Although he asks for outright release, it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). The appropriate course is to require him to exhaust a request for bond within the agency. If he does not obtain relief, he is free to file a new petition.

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on August 27, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT